**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RAVI LNU,** <br>       *Petitioner,* <br><br>     v. <br><br> **JOHN E. RIFE,** Acting Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, Philadelphia Field Office; **MARKWAYNE MULLIN,** Secretary of the Department of Homeland Security; **U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE,** Acting U.S. Attorney General; **EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; J.L. JAMISON,** Warden, Federal Detention Center, Philadelphia, <br>       *Respondents.* | Civil No. 26-4971 |

**MEMORANDUM**

**Costello, J.**                                                                                          **July 29, 2026**

Petitioner Ravi Last Name Unknown ("LNU") ("Petitioner") is a citizen of India.  He

entered the United States in 2024.  On July 15, 2026, Immigration and Customs Enforcement

("ICE") detained Petitioner under 8 U.S.C. § 1225(b)(2), a provision of the Immigration and

Nationality Act ("INA") which generally does not permit release on bond.  While detained at the

Federal Detention Center in Philadelphia, Pennsylvania (the "FDC"), Petitioner filed a Petition

for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that his mandatory detention without

bond is unlawful.  The Government opposed the Petition.  Because § 1225 does not apply to

noncitizens, like Petitioner, who have resided in the United States since entering the country, the

Court will grant the Petition.

## I.     FACTUAL BACKGROUND[1]

Petitioner is a citizen of India who entered the United States through the northern border on or about June 25, 2024.  ECF No. 1 ¶¶ 15, 25.  On or about the same date, immigration officials detained Petitioner and placed him in removal proceedings.  *Id.* ¶ 25.  Petitioner subsequently filed an application for asylum.  *Id.*  Petitioner has since resided in Philadelphia, Pennsylvania, and maintained employment in Delaware County, Pennsylvania.  *Id.* ¶¶ 23, 32. On July 15, 2026, ICE detained Petitioner without explanation.  *Id.* ¶ 31.  Petitioner's removal proceedings and asylum application remain pending.  *Id.*  At the time he filed his petition, Petitioner was detained at the FDC.  *Id.* ¶ 29.

## II.     LEGAL STANDARD

A writ of habeas corpus is available "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A district court may grant a writ of habeas corpus if a petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  This includes a noncitizen's challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citation and quotations omitted)).

---

[1] The Government does not dispute the facts in this case.  The Court will therefore decide this matter on the pleadings and without a hearing.

III.    **LEGAL BACKGROUND**

A.    **INA Detention Provisions**

At issue in this matter are two provisions of the INA that permit detention of noncitizens during immigration removal proceedings.  Section 1226 of the INA provides that the Attorney General may arrest and detain noncitizens subject to a few statutory exceptions.  8 U.S.C. § 1226(a).  A noncitizen may request a bond hearing before an immigration judge, who may release the noncitizen upon finding that he "poses no flight risk and no danger to the community."  *Nielsen v. Preap*, 586 U.S. 392, 397-98 (2019); 8 C.F.R. § 1236.1(c)(8).  For decades, noncitizens like Petitioner who entered the United States and resided in the country prior to their removal proceedings were detained under this section of the INA.

Prior to Petitioner's arrest, the Department of Homeland Security ("DHS") changed course and began detaining noncitizens under § 1225 of the INA, which applies to "applicant[s] for admission" to the United States.  8 U.S.C. § 1225(b)(2)(A).  Historically, this provision applied only to individuals actively seeking to enter the country at a border or port of entry—not individuals already residing in the United States.  *Kashranov v. Jamison*, 25cv5555, 2025 WL 3188399, at *6-7 (E.D. Pa. Nov. 14, 2025).  In July 2025, DHS issued a policy directing ICE agents to consider anyone who entered the United States without admission or inspection as an "applicant for admission" regardless of how long they have already been present in the country. *Salinas Jaigua v. Jamison*, 25cv7115, 2025 WL 3757076, at *2 (E.D. Pa. Dec. 29, 2025).

Individuals detained under this provision are subject to mandatory detention pending the disposition of their removal proceedings.  8 U.S.C. § 1225(b)(2)(A).  They are generally not afforded an opportunity for a bond hearing and "may be released only 'for urgent humanitarian

reasons or significant public benefit.'" *Kashranov*, 2025 WL 3188399, at *1 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018)).

The Board of Immigration Appeals ("BIA") subsequently issued a decision endorsing DHS's new interpretation of § 1225 and ruling that all noncitizens who entered the United States without admission or inspection, including those who have been residing in the United States without lawful status, are subject to mandatory detention without bond. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

### B.    Petitioner's Argument & the Government's Response

On July 15, 2026, ICE detained Petitioner under § 1225 pursuant to the application of this new policy. ECF No. 1 ¶ 31. Petitioner argues that § 1225 does not apply to him because he is not actively "seeking admission" to the United States. *Id.* ¶¶ 54-59. Rather, he entered without inspection and has been living in the United States for approximately two years. *Id.* ¶¶ 23, 25. He therefore contends that his detention is governed by § 1226, which confers the right to a bond hearing. *Id.* ¶¶ 50-54. He also argues that his mandatory detention without the right to a bond hearing violates his constitutional due process rights.[2] *Id.* ¶¶ 60-78. Petitioner asks the Court to declare his detention under § 1225 unlawful and order his immediate release. *Id.* ¶ 100.

The Government raises two arguments in opposition to the Petition. First, that § 1225 of the INA applies to Petitioner, not § 1226, and his mandatory detention is lawful under that provision. ECF No. 5 at 1-2. Second, that Petitioner's detention without a bond hearing does

---

[2] Petitioner also asserts that his continued detention violates regulations governing bond hearings including 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. *Id.* ¶¶ 84-88. Because the Court concludes that Petitioner is entitled to relief under the INA and Due Process Clause, it declines to reach this argument.

not offend due process.  *Id.* at 2.  As courts in this District and across the country have repeatedly held in hundreds of recent cases, these arguments are unavailing.

## IV.   DISCUSSION

### A.   Section 1225 Does Not Apply to Petitioner

The disposition of this case depends on whether § 1225 or § 1226 applies to noncitizens like Petitioner, who have resided in the United States since entering the country.  The Court finds that § 1226—and not § 1225—applies here.

In resolving issues of statutory interpretation, the inquiry begins with the text, and "proceed[s] from the understanding that '[u]nless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning.'"  *Sebelius v. Cloer*, 569 U.S. 369, 376 (2013) (quoting *BP America Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006)).  A "word must not be read in isolation but instead defined by reference to its statutory context." *U.S. v. Husmann*, 765 F.3d 169, 173 (3d Cir. 2014) (internal citations omitted).

Section 1225 is titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing."  It states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal hearings.  8 U.S.C. § 1225(b)(2)(A).  By its terms, this section applies to a noncitizen who is both "an applicant for admission" and "seeking admission."

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)[.]"  8 U.S.C. § 1225(a)(1).  The statute also defines "admission" and "admitted" as "the lawful

5

entry of the alien into the United States after inspection and authorization by an immigration officer."  8 U.S.C. § 1101(a)(13)(A).

The INA does not define the phrase "an alien seeking admission."  Courts in this District have construed this language to mean "*actively* trying to acquire or gain 'lawful entry . . . after inspection and authorization by an immigration officer.'"  *Kashranov*, 2025 WL 3188399, at *6 (internal quotations omitted).  The Court agrees with this interpretation of the statute for several reasons.

First, the plain text supports this reading.  The present participle "seek*ing*" connotes "ongoing and continuous action."  *Id.*  "Seeking admission" therefore means taking ongoing, affirmative steps to enter the United States, typically at a border or port of entry by presenting oneself for inspection and authorization.  *Id.*  Second, the statutory context of § 1225(a) confirms it governs "inspections and detentions" of noncitizens at the border.  *Id.* at *7.  As Judge Wolson has explained in detail, various provisions of § 1225(b) refer to "inspection" of noncitizens and the treatment of noncitizens "arriving from contiguous territory."  *Id.* (internal quotations omitted).  These references confirm that mandatory detention under § 1225(a) applies to individuals detained "at or immediately following border crossing."  *Id.*

Basic principles of statutory construction lend further support to this interpretation. Congress used two distinct terms when drafting the INA— "seeking admission" and "applicant for admission."  If the Court were to accept the Government's position that these terms are interchangeable, one phrase would be rendered "entirely meaningless."  *Id.*  (citing *Pulsifer v. United States*, 601 U.S. 124, 143 (2024) (explaining canon against surplusage)).

So far, three courts of appeals have rejected the Government's arguments and have agreed with the position taken by this Court.  *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 84-88 (2d

Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722-35 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Federal Detention Ctr. Miami*, 175 F.4th 1258, 1262 (11th Cir. 2026).[3]  Divided panels of the Fifth and Eighth Circuits found the Government's interpretation of § 1225 to be correct.  *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026); *Avila v. Bondi, et al.*, 170 F.4th 1128, 1133-35 (8th Cir. 2026).[4]  Both the *Buenrostro-Mendez* and the *Avila* opinions reasoned that the terms "applicant for admission" and "seeking admission" share the same meaning.  *Buenrostro-Mendez*, 166 F.4th at 502; *Avila*, 170 F.4th at 1133-35.  For the reasons stated above, the Court does not find the reasoning of *Buenrostro-Mendez* and *Avila* persuasive.

Petitioner has resided in the United States for approximately two years and is not actively seeking admission.  Section 1225 therefore does not apply to him.  Petitioner's application for asylum does not alter this conclusion.  "Instead of seeking a 'lawful entry to the United States,' an asylum applicant currently living in the country, like [Petitioner], is seeking a lawful means to remain here."  *Anirudh v. McShane*, 25-6458, 2025 WL 3527528, at *5 (E.D. Pa. Dec. 9, 2025).  Because Petitioner was not actively seeking admission at the time of his July 15, 2026 arrest due to the reasons articulated above, he is not subject to mandatory detention under § 1225.

---

[3] A Seventh Circuit panel recently split on the government's position.  *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 857 (7th Cir. 2026).  Writing the opinion for the court, Judge Lee held, among other things, that § 1225 "applies to 'applicants for admission' who are seeking lawful entry and not to citizens unlawfully living in the country's interior."  *Id.* at 856.  Concurring in the judgment, Judge Pryor declined to reach the merits of the Government's interpretation of § 1225.  *Id.* at 857-58 (Pryor, J., concurring).  Judge Kirsch, dissenting, agreed with the Government's interpretation and would have held that the reach of § 1225 is not limited to "aliens encountered at the borders and ports of entry."  *Id.* at 864 (Kirsch, J., dissenting).

[4] Although the Fifth Circuit held in *Buenrostro-Mendez* that unadmitted aliens are subject by statute to mandatory detention without bond, another divided Fifth Circuit panel recently held that noncitizens subject to mandatory detention under § 1225(b)(2)(A) for more than 90 days are entitled to bond hearings under the Due Process Clause.  *Rodriguez v. Ortega*, Nos. 26-50183/50219/50221, --- F.4th ----, 2026 WL 1906557, at *16-17 (5th Cir. 2026) ("[T]he Fifth Amendment protects resident aliens from unreasoned, indefinite detention.").

His detention is instead governed by § 1226 because he is a "[noncitizen] already present in the United States." *Jennings*, 583 U.S. at 303.  Section 1226, titled "Apprehension and detention of aliens," provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States[.]"  8 U.S.C. § 1226(a).  Except under very limited circumstances, noncitizens detained under this section are entitled to a bond hearing and an opportunity for release pending the outcome of immigration proceedings.  *See* 8 C.F.R. §§ 1003.19(a), 1236.1(d).  Because § 1226 applies, Petitioner's mandatory detention under § 1225 is unlawful.

### B.    Due Process

The Government next argues that Petitioner's mandatory detention pending the resolution of his removal proceedings does not offend due process.  ECF No. 5 at 2.  The Court disagrees.

"It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Demore*, 538 U.S. at 523 (internal quotations omitted).  To determine whether a government action violates due process, courts apply the balancing test set forth in *Mathews v. Eldridge*, which weighs (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  424 U.S. 319, 335 (1976).

Each *Mathews* factor weighs in favor of Petitioner.  First, he has a strong liberty interest in being free from mandatory detention.  Second, Petitioner's detention under § 1225 poses a high risk of erroneously depriving him of his rights because he has not been afforded the opportunity for a neutral decisionmaker to make an individualized determination about whether

8

he poses a flight risk or a danger to the community.  Third, a bond hearing poses a minimal administrative burden to the Government.  That minimal burden is clearly outweighed by Petitioner's strong liberty interest and right to be heard.

## V.        CONCLUSION

Section 1226 applies to Petitioner's detention because he is not actively seeking admission and has been living in the United States for approximately two years.  Therefore, his continued detention under § 1225 is unlawful.  As a result, the Court will grant his Petition.

An appropriate Order follows.

BY THE COURT:

_____
MARY KAY COSTELLO
United States District Judge

9